PER CURIAM:
Claimant brought this action to recover for damages to one of its vehicles when it was being driven, on 1-64 through the City of Charleston and a light fell onto the windshield of the vehicle causing damage thereto. Claimant is an out-of-state corporation and it chose not to appear at the hearing of this claim after having received due notice. Due to the unusual facts and circumstances in this claim which would generally be the subject of a stipulated claim by respondent, the Court agreed to hear testimony from respondent to understand better what had happened during the incident.
Respondent’s witness in this claim was Stephen W. Knight, the expressway maintenance supervisor for 1-64 in the Charleston area. He explained to the Court that on the date of the damages to claimant’s vehicle, November 14, 2001, there was damage to an overhead light which was part of an interstate sign. Apparently, some vehicle other than claimant’s vehicle had clipped the arm of one of the lights beneath the sign and broke it off resulting in the precarious situation of one light dangling in the air by its wire. It was this light that fell onto claimant’s vehicle causing damage to the windshield and the cab. Respondent received notice of the condition of the light when the Charleston Police Department advised Metro which in turn contacted respondent’s headquarters. Mr. Knight and another employee responded to the scene as soon as respondent received notice of a problem. Mr. Knight is of the opinion that an oversized vehicle had struck the arm on the light causing the damage to it. He also stated that he was at the scene when claimant’s vehicle was hit by the light that fell from the interstate sign; that he observed the damage to claimant’s vehicle; and that he and his employee picked up the light that had fallen.
The Court has determined that the testimony from Mr. Knight establishes that respondent was not negligent on the date of the incident herein. Indeed, respondent’s employees responded in a timely manner, but they were unable to prevent the circumstances which caused the damages to claimant’s vehicle. This was an unusual situation for which respondent is not responsible.
In accordance with the finding of facts as stated herein above, the Court must deny this claim.
Claim disallowed.